Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Rolling Hills Food & Beverage, Inc.,** | § | Case No.  25-44970-ELM-11(V) |
| *Debtor*. | § | |
| | § | **Expedited hearing sought** |
| | § | |
| | § | |

## United States Trustee's Emergency Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for 180 Days

TO THE HONORABLE EDWARD LEE MORRIS, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"), files this Emergency Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for 180 Days (the "**Motion**"). In support, the United States Trustee would show:

### SUMMARY

Rolling Hills Food & Beverage, Inc. (the "**Debtor**") owns and operates a San Marcos, Texas bar called the "Green Parrot." The Debtor had previously filed a chapter 11 bankruptcy, case no. 25-44129-MXM-11 (the "**First Case**"), which the Court dismissed for failure to provide the United States Trustee with adequate proof of property and liability insurance. Now the Debtor has filed a second case (the "**Current Case**") without providing the United States Trustee with proof of property or liability insurance. The Debtor's lack of insurance is especially concerning given that the Debtor appears to be liable for a $6 million judgment for serving an intoxicated

patron. The Court should dismiss this serial Debtor with prejudice to refiling for 180 days for both lack of insurance and for filing this case in bad faith.

## JURISDICTION

1. The bankruptcy court has jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## FACTS

First Case

3. On October 24, 2025, the Debtor filed the First Case. First Case, ECF No. 1.

4. The Debtor's President and 100% owner, Eric White, ("**Mr. White**"), signed the First Case petition.

5. After multiple requests for proof of liability and property insurance, the United States Trustee filed her motion to dismiss the First Case (First Case ECF No. 11) on November 5, 2025 ("**First Dismissal Motion**").

6. On November 13, 2025, the Court dismissed the First Case without prejudice. First Case ECF 22.

Current Case

7. On December 22, 2025, the Debtor filed its current chapter 11 bankruptcy, case no. 25-44970-ELM-11(V)(the "**Current Case**"). Current Case, ECF 1.

8. Mr. White signed the Current Case petition.

9. The Current Case petition avers that the Debtor operates a business called the Green Parrot at 124 N. LBJ Drive, San Marcos, Texas 78666. Current Case, ECF 1 at 1.

Debtor has not provided proof of liability or property insurance to UST

10. On December 22, 2025, Trial Attorney Erin Schmidt ("**Ms. Schmidt**") emailed Debtor's counsel Robert DeMarco ("**Mr. DeMarco**") to request a copy of the Debtor's property and liability insurance, including liquor liability, no later than December 23, 2025, at noon. (December 22, 2025, email from Erin Schmidt to Robert Demarco, "Subject: In re Rolling Hills Food & Beverage, Inc., case no. 25-44970-elm-11(V) – aka Rolling Hills Redux – please provide proof of insurance ASAP."

11. As of the date of the filing of this Motion, the Debtor has not provided proof of property or liability insurance.

Debtor is a judgment debtor

12. The Debtor's Form 204, "Chapter 11 or Chapter 9 Cases: List of Creditors who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "**20 Largest List**") [Current Case, ECF No. 1 at 5] shows only four individuals – Aida Garcia, Maria I. Garcia, Patrick Shannon Beene, and Theodore M. Garza (collectively the "**Claimants**") – all of whom are listed with a Hill Gilstrap, PC, service address and whose claims are each listed at $6,000,000.00 and described as contingent, disputed and unliquidated.

13. In late 2023, the Claimants sued the Debtor in the Hays County 428th District Court (the "**428th District Court**"), Case no. 23-3239 (the "**State Court Case**"); the Debtor defaulted and the court entered judgment in favor of the Claimants on May 30, 2024.

14. The United States Trustee has information and belief that the Debtor was held civilly liable for negligence in connection with a wrongful death of an individual who was killed in a motor vehicle accident with an intoxicated patron of the Debtor.

**ARGUMENT**

General discussion of burdens when dismissal or conversion is sought

15. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).

16. Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

Cause exists to dismiss this case because Debtor has failed to cooperate with the United States Trustee

17. Cause exists for dismissal when a debtor fails to file required documents, fails to maintain appropriate insurance that poses a risk to the estate, or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

18. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

19. The United States Trustee's *Guidelines for Chapter 11 Cases* require debtors to file monthly operating reports; pay quarterly fees to the United States Trustees; and provide various documents to the United States Trustee, including proof of insurance coverage and copies of the two most recently filed tax returns. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases:

Operating Instructions and Reporting Requirements (the "**Guidelines**"), https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline (Feb. 8, 2024) at §§ VI, VII, XII.

Case should be dismissed for failure to maintain adequate insurance

20. Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

21. As of the time of this filing, Debtor has failed to provide sufficient proof of the Debtor's property, general liability, and liquor liability policies. The First Case was dismissed for cause, including for lack of insurance.

22. The Guidelines require debtors to "maintain and provide the United States Trustee with sufficient proof of adequate insurance that protects both the assets of the estate and the public during the pendency of the case." Guidelines at § VII. "What is deemed adequate will depend upon the facts and circumstances of each case, but typically at least property insurance for all tangible assets . . . and general liability insurance will be required. *Id.*

23. Cause exists to dismiss this case because Debtor has failed to provide the United States Trustee with adequate proof of insurance for the Green Parrot. The fact that the Debtor has not

provided proof of property or liability insurance is especially concerning given that the Debtor has been held civilly liable for serving drinks to an intoxicated customer.

<u>Case should be dismissed with prejudice to refiling for 180 days for bad faith.</u>

24. A lack of good faith in filing a Chapter 11 case may constitute cause for dismissal of the case under 11 U.S.C. §1112(b)(1). *See Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 816 (5th Cir. 1991). The Fifth Circuit observed that the Bankruptcy Code is "endowed with requirements of good faith in the construction of many of its provisions," and "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Little Creek Development Co. v. Commonwealth Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071-72 (5th Cir. 1986). Determining whether a petition is filed in good faith is based on the court's "evaluation of the debtor's financial condition, motives, and the local financial realities." *Id.* at 1073.

25. The Debtor has demonstrated bad faith in the filing of this Current Case. The Court previously dismissed this Debtor's First Case4497 for failure to provide adequate proof of property and liability insurance to the United States Trustee. The Debtor's lack of good faith may also be inferred from the fact that the Debtor filed the Current Case less than two months after the First Case's dismissal. To justify the sequential filing of the second case, the Debtor should demonstrate sufficiently changed circumstances. *In re Elmwood Development Co.,* 964 F.2d 508, 512 (5th Cir. 1992). The Debtor has not provided the necessary insurance documents to show that its circumstances changed since the dismissal of the First Case.

26. Given the Debtor's lack of good faith in filing the Current Case, cause exists to dismiss with prejudice to refiling for at least 180 days. 11 U.S.C. § 349(a).

<u>The Court should retain jurisdiction over Debtor's counsel's fees</u>

27. A bankruptcy court may retain jurisdiction to consider the disgorgement of attorney fees following dismissal of the underlying case. *In re Lang,* 642 B.R. 76, 83 (Bankr. M.D. Fla. 2022), citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990). Should it decide to dismiss this case, the Court should retain jurisdiction over Debtor's counsel's fees.

## **CONCLUSION**

The United States Trustee respectfully requests that the Court enter an order dismissing the Debtor's case with prejudice to refiling for 180 days. The United States Trustee further respectfully requests that the Court retain jurisdiction over Debtor's counsel's fees following dismissal. The United States Trustee also requests any other relief to which she may be entitled.

Dated: January 5, 2026

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt
Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1075
Erin.Schmidt2@usdoj.gov

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on January 5, 2026, she emailed Debtor's counsel, Robert DeMarco, about the subject of this motion. Mr. DeMarco responded that he cannot take a position on the proposed relief.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, that a copy of the forgoing document was sent via ECF to all parties entitled to receive ECF notice and via first class U.S. Mail, postage prepaid, to the parties on the attached service list.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt